**PRIORITY SEND**
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01229 VAP (SPx)                        Date:  September 1, 2011

Title:   BANK OF AMERICA, N.A. -v- JACOB CRAWFORD; KAY CRAWFORD; AND DOES 1 TO 10, INCLUSIVE
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

 Marva Dillard                                    None Present
 Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

 None                                             None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On July 28, 2011, Plaintiff Bank of America, N.A., ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Jacob Crawford and Kay Crawford ("Defendants") in the California Superior Court for the County of San Bernardino.  (Not. of Removal at 26.)  On August 3, 2011 Defendants removed the action on the basis of this Court's jurisdiction over cases implicating civil rights, 28 U.S.C. § 1443.  (See Not. of Removal at 1-2.)

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the

EDCV 11-01229 VAP (SPx)
BANK OF AMERICA, N.A. v. JACOB CRAWFORD; KAY CRAWFORD; AND DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of September 1, 2011

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant mentions that removal is proper under 28 U.S.C. § 1443(1) because "Defendants believe that they have no protection of the law under California Courts [sic] and that their United States Constitutionally [sic] guaranteed rights to due process and fair hearing [sic] is at issue in this case as the State of California have [sic] streamlined a what [sic] is called an unlawful detainer action where the Defendants such as the present Defendants [sic] rights is [sic] abrogated or none-existent [sic]." (Not. of Removal at 1-2.) Even construing Defendant's Notice of Removal liberally, the Court finds Defendant fails to establish that this Court has jurisdiction under 28 U.S.C. § 1443(1), which allows a defendant to remove certain civil actions involving civil rights from state court to federal court.

In order to remove a case under 28 U.S.C. § 1443(1), Defendants must satisfy a two-pronged test: (1) "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) "it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Defendants fail to satisfy either prong here. Defendants fail to allege that they are members of any racial group or that they have been denied any specific civil right, let alone that they have been denied any civil right stated in terms of racial equality. Moreover, Defendants fail to allege that they have been denied any civil right that they cannot enforce in California courts.

EDCV 11-01229 VAP (SPx)
BANK OF AMERICA, N.A. v. JACOB CRAWFORD; KAY CRAWFORD; AND DOES 1 TO 10, INCLUSIVE
MINUTE ORDER of September 1, 2011

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court.  See <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**